**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4485**

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

      v.

JASON ADAM TOWNSEND,

               Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Graham C. Mullen, Senior District Judge.  (3:17-cr-00033-GCM-DCK-1)

Submitted:  January 24, 2018                Decided:  February 16, 2018

Before TRAXLER and DIAZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Jorgelina E. Araneda, ARANEDA & STROUD LAW GROUP, Raleigh, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jason Adam Townsend appeals his conviction and 42-month sentence imposed following his guilty plea to conspiracy to commit health care fraud, in violation of 18 U.S.C. § 371 (2012). On appeal, Townsend's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal but questioning whether Townsend received ineffective assistance of counsel and whether Townsend should be permitted to withdraw his guilty plea. Townsend has filed a pro se supplemental brief, in which he raises a variety of allegations regarding his counsel's ineffectiveness, sentencing errors, and his innocence of the offense. The Government has declined to file a response brief. For the reasons that follow, we affirm.

Both counsel and Townsend primarily claim that Townsend's trial counsel rendered ineffective assistance on various grounds. However, we decline to reach these claims. "Unless an attorney's ineffectiveness conclusively appears on the face of the record, such claims are not addressed on direct appeal." *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016). Rather, absent such a showing, ineffective assistance claims generally should be raised in a motion brought pursuant to 28 U.S.C. § 2255 (2012), in order to permit sufficient development of the record. *United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Because no conclusive evidence of ineffective assistance on any basis appears on the face of the record, we conclude that Townsend's claims should be raised, if at all, in a § 2255 motion.

Counsel also questions whether Townsend should be permitted to withdraw his guilty plea. Because Townsend did not seek to withdraw his guilty plea in the district court,

we review the district court's acceptance of his plea for plain error. *See United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016); *see Henderson v. United States*, 568 U.S. 266, 272 (2013) (describing standard); *United States v. Sanya*, 774 F.3d 812, 816 (4th Cir. 2014) (describing error that affects substantial rights in guilty plea context).

Before accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and ensures that the defendant understands, the rights he is relinquishing by pleading guilty, the charge to which he is pleading, and the maximum and any mandatory minimum penalties he faces. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The court also must ensure that the plea is voluntary and not the result of threats, force, or promises extrinsic to the plea agreement, Fed. R. Crim. P. 11(b)(2), and that a factual basis exists for the plea, Fed. R. Crim. P. 11(b)(3).

Although our review of the record reveals certain omissions in the plea colloquy, *see* Fed. R. Crim. P. 11(b)(1)(E), (H), (J), (L); *United States v. Nicholson*, 676 F.3d 376, 382 (4th Cir. 2012), we conclude that none of these omissions affected Townsend's substantial rights, *see Sanya*, 774 F.3d at 816. The record reveals that the court generally ensured that Townsend's plea was knowing, voluntary, and supported by an independent factual basis. Further, insofar as Townsend claims that his counsel misadvised him regarding the terms of the plea agreement or that the Government breached the agreement's terms, we find these contentions unsupported by the available record.

Notably, Townsend never advised the court that the plea agreement did not conform to the parties' agreement, that he did not wish to plead guilty, or that he was dissatisfied

with counsel. His sworn statements to the contrary during the plea colloquy indicate otherwise. *See United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (holding that defendant's sworn declarations during plea colloquy "carry a strong presumption of verity," such that, absent extraordinary circumstances, "the truth of sworn statements made during a Rule 11 colloquy is conclusively established" (internal quotation marks omitted)). Townsend falls far short of establishing the "fair and just reason" required to withdraw a guilty plea prior to sentencing, even if this standard applied at this late stage of the proceedings. *See* Fed. R. Crim. P. 11(d)(2)(B), (e); *United States v. Thompson-Riviere*, 561 F.3d 345, 347-48 (4th Cir. 2009) (discussing relevant factors). We therefore conclude that Townsend's guilty plea is valid and binding.

Townsend and his counsel also appear to question aspects of Townsend's sentence. "We review a sentence for reasonableness under a deferential abuse-of-discretion standard." *United States v. McCoy*, 804 F.3d 349, 351 (4th Cir. 2015) (internal quotation marks omitted). We first must determine whether the district court committed significant procedural error, such as improperly calculating the Sentencing Guidelines range, insufficiently considering the 18 U.S.C. § 3553(a) (2012) factors, and inadequately explaining the sentence imposed. *United States v. Lymas*, 781 F.3d 106, 111-12 (4th Cir. 2015). If we find no such procedural error, we also must consider "the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Id.* at 112 (internal quotation marks omitted). A sentence within or below a properly calculated Guidelines range is presumed substantively reasonable. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). Townsend can rebut that presumption only by

4

demonstrating "that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.*

Our review of the record reveals that Townsend's sentence is reasonable. The court properly calculated the Guidelines range, taking into account the parties' nonbinding recommendations; considered the parties' arguments and Townsend's allocution; granted Townsend's motion for a downward variance in reliance on considerations he raised; and provided a reasoned explanation for the sentence it imposed, grounded in the § 3553(a) factors. Contrary to counsel's passing contention, nothing in the available record suggests that Townsend's restitution amount was unduly high. *See United States v. Jinwright*, 683 F.3d 471, 486 (4th Cir. 2012) (discussing requirements of Mandatory Victims Restitution Act in conspiracy context). And although Townsend challenges the loss amount attributed to him at sentencing, that value was supported by Townsend's own stipulation. Finally, we conclude that Townsend fails to rebut the presumption of substantive reasonableness accorded his below-Guidelines sentence. *See Louthian*, 756 F.3d at 306.

We have reviewed Townsend's remaining pro se arguments and find them unsupported by the record and ultimately unpersuasive. In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Townsend's criminal judgment. This court requires that counsel inform Townsend, in writing, of the right to petition the Supreme Court of the United States for further review. If Townsend requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for

leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Townsend.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*